**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

BEN KENDLE, *on behalf of himself*
*and all others similarly situated*,

    Plaintiff,

v.

C & M ASSOCIATES GROUP, INC.,
*an Illinois Corporation,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

1. On behalf of himself and the putative class, Plaintiff, Ben Kendle, alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*.

3. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

4. Plaintiff, Ben Kendle ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Saint Lucie County, Florida.

5. Defendant, C & M Associates Group, Inc. ("Defendant"), is an Illinois Corporation engaged in the business of collecting consumer debts, which operates from offices located at 10330 W. Roosevelt Road, Suite 205, Westchester, Illinois 60154.[1]

---

[1] See web page accessed on May 24, 2020 which states "C & M Associates Group, Inc. is a collection agency that specializes in consumer debt settlement and recovery."

1

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

7. Defendant was licensed in the State of Florida as a consumer collection agency, license number CCA9904300 at all time relevant.

8. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

9. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes, namely, from a credit card with Citibank, N.A.

11. On July 25, 2019, Defendant left a voice message on Plaintiff's telephone that stated:

> Hello this message is for Ben Kendle regarding a very urgent matter with Chadworth & Macons Associates Group please contact our office immediately to speak with one of our agents at 877-889-6936 with reference number 12871105.  Our hours of operation are Monday through Thursday 9 AM to 6 PM central standard time and Friday 8 AM to 5 PM central standard time thank you and we look forward to your call.

(The "July 25 Voice Message").

12. Other similar messages were left for Plaintiff by Defendant on December 18, 2018, January 24, 2019, May 28, 2019 and June 18, 2019. None of these messages contained any

indication that Defendant was a debt collector or that the messages were an attempt to collect a debt.

13. The July 25 Voice Message and the December 18, 2018, January 24, 2019, May 28, 2019 and June 18, 2019 messages shall be collectively referred to as the "Voice Messages."

14. The Voice Messages did not identify that the calls were from a debt collector and did not identify the name of the debt collector.

15. *15 U.S.C §1692e(11)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Emphasis added.

16. *15 U.S.C. §1692d(6)* states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (6) Except as provided in section *1692b* of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

17. The Voice Messages stated the caller was "Chadworth & Macons," yet no business or fictitious name is registered in the State of Florida with that name or identity.

18. The Voice Messages omit that the Voice Messages were from a debt collector in violation of *15 U.S.C. §1692e(11)*.

19. The Voice Messages failed to provide meaningful disclosure of the caller's identity in violation of *15 U.S.C. §1692d(6)*.

20. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

21. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) for whom an employee, agent, or representative of Defendant left, or caused to be left, a voice message (iii) in connection with the collection of a consumer debt (iv) that failed to state that Defendant was a debt collector and did not provide meaningful disclosure of Defendant's identity (v) during the one-year period prior to the filing of the original Complaint in this action through the date of certification.

22. Plaintiff alleges on information and belief based upon the Defendant's practice of leaving, or causing to be left, voice messages for consumer debtors that failed to state that Defendant was a debt collector, that the Class is so numerous that joinder of all members of the Class is impractical.

23. There are questions of law or fact common to the Class, common issues that predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was left, or caused to be left, a voice message by Defendant that failed to state that Defendant was a debt collector and did not meaningfully identify that the calls

were from Defendant. The common principal legal issue is whether Defendant's omission in its voice messages that it left, or caused to be left, that Defendant was a debt collector, violated the *FDCPA*.

24. Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

25. Plaintiff will fairly and adequately protect the interests of the Class. He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

26. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that: (1) the questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Plaintiff requests certification of a Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure*, for monetary damages; his appointment as Class Representative; and that his attorney Leo W. Desmond be appointed Class Counsel.

### COUNT I
### CLASS CLAIM
### VIOLATION OF *15 U.S.C. §1692e(11)*

28. Plaintiff re-alleges and incorporates Paragraphs 1 through 27.

29. *15 U.S.C. §1692e(11)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Emphasis added.

30. Defendant's representatives left at least 5 voice messages directed to Plaintiff in connection with an attempt to collect a consumer debt.

31. Defendant's representatives left similarly violating messages for members of the Class.

32. The Voice Messages omitted that the calls were from a debt collector, and did not identify the correct name of the debt collector.

33. Defendant's failure to identify in the Voice Messages that it was a debt collector is a violation of *15 U.S.C. §1692e(11)*.

34. Defendant's Voice Messages would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as they would not know the identity of the company that the caller represented or that the call was from a debt collector.

35. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

36. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT II
## CLASS CLAIM
## VIOLATION OF *15 U.S.C. §1692d(6)*

37. Plaintiff re-alleges and incorporates Paragraphs 1 through 27 and 29 through 34.

38. *15 U.S.C. §1692d(6)* states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (6) Except as provided in section *1692b* of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

39. Defendant placed at least 5 telephone calls to Plaintiff and left at least 5 voice messages for Plaintiff in connection with an attempt to collect a consumer debt. Other similar messages were left for members of the Class.

40. The Voice Messages did not provide meaningful disclosure of the caller's identity, that the calls were from a debt collector, nor the name of the debt collector.

41. Defendant's failure to provide meaningful disclosure of their or the Defendant's identity in the Voice Messages is a violation of *15 U.S.C. §1692d(6)*.

42. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

43. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor against Defendant for:

a. An Order certifying this matter as a Class Action and appointment of Ben Kendle as Class Representative as to all claims against Defendant;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 26, 2020.

Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile:  772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*